**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIAH N. ROGERS, | No. 24-3087 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-05699-BAT |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian A. Tsuchida, Magistrate Judge, Presiding

Submitted June 9, 2025[**]
Portland, Oregon

Before: TALLMAN, OWENS, and VANDYKE, Circuit Judges.

Mariah Noele Rogers ("Rogers") appeals from the district court's order
affirming the Administrative Law Judge's ("ALJ") denial of her application for
disability benefits under Title XVI of the Social Security Act, 42

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1382c(a)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a denial of social security benefits de novo. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). We set aside a denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record." *Id.* at 654 (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quoting *Desrosiers v. Sec'y of Health & Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). "[T]he ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). And "[i]f the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Id.* at 1154 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

1. The ALJ did not improperly discount Rogers's subjective symptoms testimony. An ALJ must provide "specific, clear, and convincing reasons" for discounting a claimant's subjective symptoms testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (quoting *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021)). Here, the ALJ explained how Rogers's testimony about her symptoms and limitations conflicted with the objective medical evidence. "When objective

medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Id.* at 498 (emphasis omitted). Similarly, the ALJ pointed to record evidence showing that Rogers's daily activities were inconsistent with her symptoms testimony and found that many of the incidents on which Rogers relied for her symptoms testimony were the result of situational stressors and one-off events, which "would be unlikely to occur in occupational settings." These justifications are clear and convincing reasons supporting the ALJ's decision to discount Rogers's testimony. *Id.* at 499.

2. The ALJ also did not err by finding the lay witness testimony of Rogers's mother and mother-in-law to be unpersuasive. Even assuming an ALJ must still consider such evidence under the revised regulations, *see* 20 C.F.R. § 404.1520c(d), because "the ALJ provided clear and convincing reasons for rejecting [Rogers's] own subjective complaints, and because [the lay witness] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness] testimony," *Valentine*, 574 F.3d at 694. To the extent the ALJ failed to consider the lay witness testimony, it would thus be harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

3. The ALJ also did not err in weighing the medical opinion evidence. An ALJ must "explain how [she] considered the supportability and consistency factors

in reaching these findings," but need not discuss other factors. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (internal quotation omitted). And "the decision to discredit any medical opinion … must simply be supported by substantial evidence." *Id.* at 787. Here, the ALJ sufficiently explained why each medical professional's assessment was or was not supported by the medical record or consistent with the other evidence. For the medical assessments the ALJ found persuasive, she appropriately translated those assessments into Rogers's residual functional capacity and concluded that Rogers could "perform a full range of work at all exertional levels," with certain non-exertional limitations. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

Nor did the ALJ err by declining to obtain a consultative psychological evaluation. The ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Ford*, 950 F.3d at 1156. Here, the record is neither so inadequate nor so ambiguous as to trigger that duty, because the ALJ was able to consider and discuss assessments from the state agency consultants and years of Rogers's health records. *See id.*

We conclude the ALJ's decision applied the correct legal standards and was supported by substantial evidence.

**AFFIRMED.**